**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-6624**

———————

JEFFREY CORPORAL,

Plaintiff - Appellant,

v.

H. CARR; WARDEN WEBER; COMMISSIONER HILL; SECRETARY GREEN,

Defendants - Appellees.

———————

**No. 21-6750**

———————

JEFFREY CORPORAL,

Plaintiff - Appellant,

v.

HARRY CARR; WARDEN WEBER; COMMISSIONER HILL; SECRETARY OFFICER GREEN,

Defendants - Appellees.

———————

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:20-cv-00534-DKC)

———————

Submitted:  October 24, 2022                    Decided:  December 20, 2022

_____

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and KEENAN, Senior Circuit Judge.

_____

No. 21-6624, affirmed; No. 21-6750, dismissed by unpublished per curiam opinion.

_____

Jeffrey Corporal, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In No. 21-6624, Jeffrey Corporal appeals the district court's order granting summary judgment in favor of Defendants, denying Corporal's partial motion for summary judgment, and denying relief on Corporal's 42 U.S.C. § 1983 complaint.[*] Corporal alleged that Defendant Harry Carr used excessive force against him by unjustifiably spraying him with pepper spray and that all Defendants subjected him to unconstitutional conditions of confinement.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Corporal's claims are governed by the Eighth Amendment's prohibition against cruel and unusual punishment. *See Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019) (excessive force); *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019) (conditions of confinement); *see also Gordon v. Schilling*, 937 F.3d 348, 356 n.11 (4th Cir. 2019) (observing that "[t]he Eighth Amendment's proscription of cruel and unusual punishments

---

[*] It appears that Corporal filed appeal No. 21-6750 in anticipation that the district court would deny his motion to reopen the time period to file an appeal of the court's summary judgment order. However, the court granted that motion and deemed timely Corporal's notice of appeal in No. 21-6624. Accordingly, Corporal's appeal from the denial of summary judgment is properly before this court in No. 21-6624, and we will therefore dismiss as moot No. 21-6750.

is applicable to the States through the Fourteenth Amendment").  Eighth Amendment claims "involve[] both an objective and a subjective component" that an inmate must satisfy in order to merit relief.  *Brooks*, 924 F.3d at 112; *see Porter*, 923 F.3d at 355.

We have reviewed the record in light of these standards and find no reversible error in the district court's determination that the relevant Defendants were entitled to summary judgment on each claim.  Accordingly, we affirm the district court's order.  *Corporal v. Carr*, No. 8:20-cv-00534-DKC (D. Md. filed Feb. 5 & entered Feb. 8, 2021).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 21-6624, AFFIRMED;*
*No. 21-6750, DISMISSED.*